**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 14-168** |
| **ANDRE ADDISON** | **SECTION I** |

**ORDER AND REASONS**

The Court has pending before it an objection[1] filed by the government to an order[2] issued by the U.S. Magistrate Judge relative to a bill of particulars. This matter is now ripe for decision.

**BACKGROUND**

On August 7, 2014, the grand jury returned the indictment in this case.[3] The grand jury later returned a superseding indictment on February 12, 2015.[4] Count one of the sixteen-count superseding indictment charges that between no later than January 1, 2010, and continuing until on or about November 20, 2013, Addison and all eleven co-defendants conspired to distribute and to possess with the intent to distribute one (1) kilogram or more of heroin and 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846. Addison is not charged in any other count of the superseding indictment.[5]

Addison filed a motion[6] for a bill of particulars and a motion[7] for disclosure and interview

[1]R. Doc. No. 169.
[2]R. Doc. No. 163.
[3]R. Doc. No. 1.
[4]R. Doc. No. 174.
[5]Addison was also charged only in count one of the fifteen-count original indictment. R. Doc. No. 1, at 2.
[6]R. Doc. No. 148.
[7]R. Doc. No. 149.

of confidential informants. The government filed a response[8] to the motions for a bill of particulars and for disclosure and interview of confidential informants in which it asserted that it "intends to prove . . . through one cooperating witness who is an unindicted co-conspirator, multiple confidential informants (C.I.'s) and other lay witnesses, and multiple law enforcement witnesses" the following facts:

- In approximately 2012, Andre Addison started selling cocaine base and heroin.
- Co-defendant Harry Smoot would distribute heroin to Andre Addison.
- A C.I. reported purchasing heroin from Addison on at least ten occasions, wherein Addison was often armed with a handgun.
- Addison also distributed heroin to co-defendant Joequell Lewis on occasion.
- On recordings made from the Jefferson Parish Correctional Center, Addison calls co-defendant Harry Smoot from jail in order to arrange the distribution of nine ounces of heroin. These calls occurred between January 7, 2013, and January 18, 2013.
- Addison also supplied his fellow co-defendants Isaac Smith and Ray Woodruff with cocaine base at times.
- Another co-defendant, Terrell Wade, converted three ounces of cocaine hydrochloride to cocaine base for Addison on one occasion.
- Addison was known to travel within parishes in the Eastern District of Louisiana to acquire cocaine hydrochloride with the purpose of later converting it into cocaine base.
- During the course of the conspiracy, Addison purchased two stolen firearms–a Springfield XD-9102HC .40 cal handgun and a Glock Model 27 .40 cal handgun. Addison had co-defendant Joequell Lewis keep the guns for him, and on March 31, 2012, co-defendant Ray Woodruff was arrested in possession of both of these weapons, while sitting in the passenger seat of co-defendant Lance Singleton's vehicle.
- Members of the conspiracy conducted illegal narcotics and firearm activity at three "trap houses" located on Center Street, Glendella Drive, and Federal Street, all on the Westbank of Jefferson Parish. Guns and drugs were stored at these locations, and members of the conspiracy would serve retail customers at these houses.
- Addison's involvement in the conspiracy began in approximately 2012 and ended on or about August 1, 2013.
- The Government's case may present additional evidence against Mr. Addison

[8]R. Doc. No. 155.

as well.[9]

The U.S. Magistrate Judge granted Addison's motion for a bill of particulars and ordered the government to produce a bill "that includes: (1) the name(s) of all unindicted co-conspirators who the government plans to use as witnesses against Addison; and (2) a list of drug transactions in which Addison was allegedly involved, including the names of other persons involved, the locations and approximate dates of the transactions, and the nature and amount of drugs."[10] The U.S. Magistrate Judge reached this conclusion "[a]fter considering the facts of this case and the fact that the government did not oppose Addison's motion but voluntarily provid[ed] additional facts."[11] The same order denied Addison's motion for disclosure and interview of confidential informants,[12] and Addison has not objected to that portion of the order.

The government objects to the U.S. Magistrate Judge's order, contending that Addison has received adequate notice of the conspiracy charge against him through the government's response and other means, and that disclosure of unindicted co-conspirators at this stage of the case is not warranted and is in fact dangerous.[13] Addison responds that the vagueness of the superseding indictment and the government's statements make it difficult to plan his defense.[14]

## LAW & ANALYSIS

### A. Standard of Review of U.S. Magistrate Judge's Order

The Court must review objections to the U.S. Magistrate Judge's non-dispositive discovery

---

[9]R. Doc. No. 155, at 1-3 (footnote omitted).
[10]R. Doc. No. 163, at 10.
[11]R. Doc. No. 163, at 4.
[12]R. Doc. No. 163, at 10.
[13]R. Doc. No. 169, at 24; R. Doc. No. 179, at 3-4, 8-9.
[14]R. Doc. No. 199, at 2-4.

order and "modify or set aside any part of the order that is contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a); *see also United States v. Hudson*, No. 09-171, 2011 WL 5038528, at *1 (E.D. La. Oct. 24, 2011) (Vance, C.J.). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).[15] A district court can set aside as contrary to law a U.S. Magistrate Judge's order granting a bill of particulars if the ordered disclosure "substantially exceeds the proper parameters of that mechanism." *United States v. Wimbley*, No. 11-0019, 2011 WL 3204539, at *5 (S.D. Ala. July 27, 2011).

**B. Law Applicable to a Motion for a Bill of Particulars**

"A defendant possesses no right to a bill of particulars . . . ." *United States v. Burgin*, 621 F.3d 1352, 1358 (5th Cir. 1980). "The granting of a bill of particulars is addressed to the sound discretion of the trial court . . . ." *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977); *accord United States v. Montemayor*, 703 F.2d 109, 117 (5th Cir. 1983) ("The denial of a bill of particulars is within the sound discretion of the trial judge . . . ."). The Court must decide whether to grant or

[15]As a threshold matter, the Court notes that the U.S. Magistrate Judge clearly erred in finding that "the government did not oppose Addison's motion" for a bill of particulars. R. Doc. No. 163, at 4; *see also id.* at 3 ("In response, the government does not explicitly state an objection to Addison's request for a bill of particulars . . . ."). Certainly, the government volunteered additional detail in response to the motion, but it neither expressly nor impliedly conceded Addison's entitlement to more. To the contrary, the government requested that the U.S. Magistrate Judge "deem the Government's response to defendant's Motion for a Bill of Particulars as satisfactory," which can only mean that the government opposed further disclosure. R. Doc. No. 155, at 7. With respect to the identities of unindicted co-conspirators, the government expressly stated that "Addison is not entitled to this information at this stage of the case." R. Doc. No. 155, at 3. However, because the U.S. Magistrate Judge's order could still be supported on other grounds despite this misconception, the Court declines to set aside the order solely on that basis.

deny a motion for a bill of particulars with reference to the specific circumstances of this case. *See, e.g.*, *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978) ("More often [deciding a motion for a bill of particulars] is an exercise calling for discrete decisions properly infused with the ambience of the trial scene and tailored to fit the facts before the trial judge."). A court abuses its discretion in denying a motion for a bill of particulars only when the denial results in actual surprise at trial and prejudice to a defendant's substantial rights. *See United States v. Hughes*, 817 F.2d 268, 272 (5th Cir. 1987).

"The purpose of a bill of particulars is to apprise a defendant of the charges against him with enough detail to allow him to prepare his defense." *United States v. Kirkham*, 129 F. App'x 61, 72 (5th Cir. 2005) (citing *Montemayor*, 703 F.2d at 117); *see also, e.g.*, *Mackey*, 551 F.2d at 970 ("The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution."). "A defendant should not use the Bill of Particulars to obtain a detailed disclosure of the government's evidence prior to trial." *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978) (internal quotation marks and citation omitted); *accord United States v. Hajecate*, 683 F.2d 894, 898 (5th Cir. 1982) ("[A] bill of particulars cannot be required to compel revelation of the full theory of the case or all the evidentiary facts."); *Burgin*, 621 F.2d at 1359 (holding that a bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial"); *Davis*, 582 F.2d at 951 ("[I]t is well established that generalized discovery is not a permissible goal of a bill of particulars."). Criminal defendants "are not entitled to discover all the overt acts that might be proved at trial" through a bill of particulars. *Kilrain*, 566 F.2d at 985.

"It is well established that if the government has provided the information called for in some other satisfactory form, then no bill of particulars is required." *United States v. Vasquez*, 867 F.2d 872, 874 (5th Cir. 1989); *accord United States v. Moody*, 923 F.2d 341, 351 (5th Cir. 1991) ("A bill of particulars is not required if a defendant is otherwise provided, *inter alia*, with sufficient information to enable him to prepare his defense and avoid surprise.").

The parties agree that these general guidelines inform the Court's exercise of discretion to grant or deny a bill of particulars.[16] However, as one prominent treatise notes, precedents regarding grant or denial of bills of particulars have "limited value," which "probably reflects the fact-intensive nature of the decision courts must make in ruling on a motion, taking into account the specificity of the pleading, the other sources of available information, and many other factors." 1 Wright & Miller, Fed. Prac. & Proc. Crim. § 132 (4th ed.). Accordingly, although the parties cite many cases, none are directly on point to the facts presented here.[17]

**C. Analysis**

The U.S. Magistrate Judge ordered the government to produce a bill of particulars containing (1) a "list of drug transactions in which Addison was allegedly involved," and (2) "the name(s) of

[16] R. Doc. No. 148, at 2-3; R. Doc. No. 179, at 2-3.

[17] In particular, the Court finds little benefit in the parties' citation to various unpublished district court opinions granting or denying motions for bills of particulars. For example, the parties dispute the relevance of the unpublished district court opinion in *United States v. Luna*, No. 05-58, 2006 WL 1668006 (D. Conn. May 17, 2006). In *Luna*, the district court addressed very different facts, including that trial was underway when the motion for a bill of particulars was filed, that one attorney had entered the case less than a week before trial began, and that although the government had produced extensive discovery, the judge was concerned that "overwhelming a defendant with discovery can obscure the particulars of a charge as fully as denying discovery." *See id.* at *1-2. *Luna* was an appropriate exercise of discretion in the circumstances presented in that case, but it has little persuasive weight beyond those circumstances. The other district court opinions cited by the parties are similarly limited.

all unindicted coconspirators who the government plans to use as witnesses against Addison."[18] The Court will analyze the government's objections to both parts of the order.

**1. List of Drug Transactions**

The first question is whether the U.S. Magistrate Judge erred in concluding that Addison needs a detailed list of each drug transaction in which the government alleges he was involved in order "to apprise [him] of the charges against him with enough detail to allow him to prepare his defense." *Kirkham*, 129 F. App'x at 72. The Court concludes that Addison is not entitled to obtain that degree of detail through a bill of particulars, and that the U.S. Magistrate Judge's order was contrary to law because it crosses the line into ordering "a detailed disclosure of the government's evidence," which is not an appropriate use of a bill of particulars. *Kilrain*, 566 F.2d at 985.

Initially, the Court notes that Addison is charged pursuant to 21 U.S.C. § 846 with conspiring to distribute and to possess with the intent to distribute heroin and cocaine base. The § 846 conspiracy charge does not require proof that he actually distributed or possessed with the intent heroin or cocaine, or proof of "an overt act to show participation in a [drug] conspiracy." *See United States v. Turner*, 319 F.3d 716, 721 (5th Cir. 2003) (explaining that the elements of a § 846 are (1) the existence of an agreement between two or more persons to violate narcotics laws; (2) knowledge of the conspiracy and intent to join it; and (3) voluntary participation in the conspiracy).[19] Therefore, the bill of particulars does not order disclosure of anything that is a necessary element of the charge against Addison.

---

[18]R. Doc. No. 163, at 6.

[19]Even if § 846 did require proof of an overt act, Addison would not be entitled to discover those acts through a bill of particulars. *See Kilrain*, 566 F.2d at 985 (holding that "defendants are not entitled to discover all the overt acts that might be proved at trial" through a bill of particulars).

Furthermore, the fact that Addison is charged only with conspiracy reduces the level of factual detail to which he is entitled with respect to the offenses which were the objects of the conspiracy. "It is well established that in 'an indictment for conspiring to commit an offense–in which the conspiracy is the gist of the crime–it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy.'" *United States v. Lawrence*, 727 F.3d 386, 397 (5th Cir. 2013) (quoting *United States v. Graves*, 669 F.2d 964, 968 (5th Cir. 1982)). Because "the criteria for the sufficiency of an indictment and for whether a district court erred (abused its discretion) in denying a bill of particulars are very similar," *see Moody*, 923 F.2d at 351, a bill of particulars (or information otherwise provided to the defendant) likewise requires less "technical precision."

When analyzing Addison's motion, the U.S. Magistrate Judge misconstrued *United States v. Haas*, 583 F.2d 216 (5th Cir. 1978), as entitling Addison to additional detail. The U.S. Magistrate Judge selectively quoted *Haas* for the blanket proposition that "[t]he Fifth Circuit has held that while a 'bare allegation in the indictment . . . is sufficient to withstand a motion to dismiss, it does not . . . meet fully the Government's obligation to permit [the] defendant to prepare a defense.'"[20] As noted above, the standards for sufficiency of an indictment and for a bill of particulars are in fact "very similar." *Moody*, 923 F.2d at 351. *Haas* did not hold that a sparse indictment must always be expanded through a bill of particulars; rather, it merely held that considering the specific circumstances of that case, the indictment for obstruction of justice was constitutionally sufficient but a bill of particulars was appropriate to explain what information the defendant allegedly communicated to influence a grand jury member. *See* 583 F.2d at 219-21. *Haas* likewise did not

[20] R. Doc. No. 163, at 4 (quoting *Haas*) (alterations in U.S. Magistrate Judge's order).

address the degree of specificity required of a bill of particulars in a drug conspiracy case, and it does not justify the bill of particulars ordered by the U.S. Magistrate Judge as to specific drug transactions.

As set forth above, the government in its response to Addison's motion for a bill of particulars stated in approximate terms (1) the duration of Addison's alleged involvement in the conspiracy; (2) the drugs which Addison allegedly received, and from whom; (3) the location of some conduct; and (4) Addison's specific activities and interactions with respect to certain specified co-defendants.[21] This additional information clarifies and narrows the nature of the conspiracy charge as it pertains to Addison. Furthermore, the government represents that it has met with Addison and his counsel and "laid out the evidence," as well as provided "a summary of phone calls involving Addison, co-defendant Harry Smoot, and two lay witnesses who were identified by name" and supporting details.[22] Addison disputes the utility of these disclosures,[23] but he does not explain why he needs more detailed disclosure of individual drug transactions to prepare a defense to this conspiracy charge.[24]

Accordingly, the Court concludes that the law applicable to bills of particulars does not support the U.S. Magistrate Judge's order because Addison does not need that level of detail to fairly apprise him of the nature of the drug conspiracy charge against him. The Court sets aside that portion of the U.S. Magistrate Judge's order directing the government to provide a list of drug

---

[21]R. Doc. No. 155, at 1-3.

[22]R. Doc. No. 179, at 4.

[23]R. Doc. No. 199, at 3.

[24]Although Addison might prefer the level of specificity of the indictment in *United States v. Kirkham*, that case addressed a charge of health care fraud in violation of 18 U.S.C. § 1347, not a 21 U.S.C. § 846 drug conspiracy, and nothing about *Kirkham* suggests that it sets a minimum threshold for detail. *See* 129 F. App'x at 64-65.

transactions.

**2. Names of Unindicted Co-Conspirators**

The U.S. Magistrate Judge also ordered the government to include in the bill of particulars "the name(s) of all unindicted coconspirators who the government plans to use as witnesses against Addison."[25] Addison correctly notes that "a bill of particulars is a proper procedure for discovering names of coconspirators the Government plans to call at witnesses at trial." *United States v. Hughes*, 817 F.2d 268, 272 (5th Cir. 1987) (citing *United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979)). However, neither *Hughes* nor *Barrentine* held that a defendant is always entitled to such disclosure, or that such disclosure is never appropriately delayed until closer to trial on the basis of safety concerns.

In *Hughes*, the Fifth Circuit affirmed convictions that were obtained after denial of motions for bills of particulars seeking the identity of unindicted co-conspirators. *See id.* at 272. During trial, the defendants "were given one or more days notice of the Government's intent to call" the witnesses who purportedly should have been disclosed, and therefore the denial of a bill of particulars did not prejudice the defendants. *See id.* In *Barrentine*, the district court granted a motion for a bill of particulars listing unindicted co-conspirators, but the government failed to identify the unindicted co-conspirator until the morning of trial. *See* 591 F.2d at 1076. The Fifth Circuit nonetheless affirmed the convictions because the defendants could not show actual prejudice from the delayed disclosure. *See id.* at 1078-80.

It is difficult to review the U.S. Magistrate Judge's order of disclosure of the unindicted co-

[25] R. Doc. No. 163, at 6. In its response, the government indicated that only one unindicted co-conspirator will testify against Addison. R. Doc. No. 155, at 1.

conspirator because the order does not directly analyze that disclosure. This difficulty is compounded by the fact that the same order *denied* Addison's motion seeking identification and interview of confidential informants which the government opposed for essentially the same safety reasons that it opposed early disclosure of unindicted co-conspirators.[26]

Normally, the Court would remand this issue to the U.S. Magistrate Judge for express findings and conclusions, but that procedure is not feasible because of the time constraints imposed by the upcoming trial date of April 20, 2015. Furthermore, if this issue is not moot, it will be soon because at the recent final pretrial conference the government agreed, without objection from counsel for any defendant, to identify unindicted co-conspirators it intends to call at trial by April 6, 2015, two weeks before the start of trial. Accordingly, in these circumstances the Court finds it appropriate to modify the U.S. Magistrate Judge's order as to unindicted co-conspirators. As set forth in the pretrial conference minute entry,[27] the government shall disclose to all defendants the identity of all unindicted co-conspirators who will testify at trial on or before April 6, 2015.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the government's objections to the U.S. Magistrate Judge's order compelling production of a bill of particulars are **SUSTAINED**.

**IT IS FURTHER ORDERED** that the portion of the order compelling the government to produce a bill of particulars listing specific drug transactions is **SET ASIDE**, and the portion of the

---

[26]R. Doc. No. 155, at 155 ("The *unindicted co-conspirator*, *confidential informants*, and other lay witnesses that assisted in this investigation are continuing to assist law enforcement in the on-going investigation of at least twenty more suspects that have operated or continue to operate on the Westbank of Jefferson Parish. The premature revelation of their identities would jeopardize their safety, as well as potentially cripple these investigations.") (emphasis added).

[27]R. Doc. No. 215, at 3.

order compelling the government to produce a bill of particulars identifying unindicted co-conspirators who will testify at trial is **MODIFIED**, and that the government shall disclose to all defendants the identity of all unindicted co-conspirators who will testify at trial on or before **April 6, 2015**.

New Orleans, Louisiana, March 18, 2015.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**