# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 14-CR-168<br>No. 17-3438 |
| ANDRE ADDISON | SECTION I |

## ORDER AND REASONS

Before the Court is Andre Addison's 28 U.S.C. § 2255 petition. For the following reasons, the petition is dismissed with prejudice.

**I.**

Section 2255(a) provides a prisoner in custody with four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Hill v. United States*, 368 U.S. 424, 426-27 (1962). Section 2255 is designed to remedy constitutional errors and other injuries that could not be brought on direct appeal and would result in injustice if left unaddressed. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "[A] proceeding under Section 2255 is an independent and collateral inquiry into the validity of the conviction . . . ." *United States v. Hayman*, 342 U.S. 205, 222-23 (1952). The inquiry does not extend to the misapplication of sentencing guidelines. *See Williamson*, 183 F.3d at 462.

"The § 2255 remedy is broad and flexible, and entrusts to the courts the power to fashion an appropriate remedy." *United States v. Garcia*, 956 F.2d 41, 45 (4th Cir. 1992) (citing *Andrews v. United States*, 373 U.S. 334, 339 (1963)). Pursuant to § 2255, the Court must grant a defendant a hearing to determine the issues and make findings of fact and conclusions of law unless "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

"The Supreme Court has emphasized repeatedly that a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (internal quotation marks omitted). "[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice" or actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998). The Supreme Court has held that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought" in a § 2255 proceeding. *Massaro*, 538 U.S. at 509; *see also United States v. Johnson*, 124 F. App'x 914, 915 (5th Cir. 2005).

## II.

The United States Supreme Court set forth the standard for judging the performance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court articulated a two-part test that requires the petitioner to prove (1) deficient performance and (2) resulting prejudice. *Id.* at 687.

Deficient performance is established by "show[ing] that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In applying this standard, a "court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (quoting *Strickland*, 466 U.S. at 689).

The second prong of the *Strickland* test looks to the prejudice caused by counsel's allegedly deficient performance. This requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the context of alleged trial errors, the petitioner must show that his "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

The petitioner must satisfy both prongs of the *Strickland* test to be successful on an ineffective assistance claim. *See id.* at 697. A court is not required to address these prongs in any particular order. *Id.* If it is possible to dispose of an ineffective assistance of counsel claim without addressing both prongs, "that course should be followed." *Id.*

### III.

Addison pleaded guilty, with the benefit of a plea agreement, to one count of conspiring to distribute and to possess with the intent to distribute 28 grams or more of cocaine base. 21 U.S.C. §§ 841, 846. His plea agreement included a waiver of his

3

rights to bring an appeal of, or collateral challenge to, his sentence in most instances. *See* R. Doc. No. 482, at 2-3. The Court extensively discussed the implications of the waiver with Addison at the rearraignment. *See* R. Doc. No. 826, at 40-45. In so doing, the Court specifically reminded Addison that he was waiving the ability to raise a challenge to this Court's determination of the guidelines:

> THE COURT: Do each of you understand you are waiving, giving up your right to challenge any U.S. Sentencing Guideline determinations and their applications by any Judge to your sentence and judgment? Do each of you understand that?
> DEFENDANT ADDISON: Yes, sir.

R. Doc. No. 826, at 43. The Court likewise made clear that Addison was waiving the ability to bring a collateral challenge:

> THE COURT: Do each of you understand that you are waiving, giving up your right to collaterally challenge your sentence including but not limited to any rights which arise under the U.S. Code, Federal Rules of Civil Procedure, Federal Rules of Evidence and any other collateral challenges to your sentence of any kind? Do you understand that?
> DEFENDANT ADDISON: Yes, sir.

R. Doc. No. 826, at 43

Notwithstanding his seemingly knowing and voluntary waiver, Addison now argues that he should be allowed to bring a collateral challenge.[1] Addison raises two

---

[1] Addison's motion was filed roughly two weeks after the one year statute of limitations expired. Addison claims that he should be entitled to equitable tolling because of multi-month transfers between various prison facilities that left him without access to his legal materials—including an unexpected one immediately before the filing deadline that left him without his property until after the deadline passed. The government, without necessarily challenging the veracity of Addison's account, suggests that Addison has not proffered a sufficient justification for a late filing. Because the limitation period at issue is not jurisdictional, and because resolving the merits of the equitable tolling issue appears to be substantially more complicated than simply resolving the merits of the motion, the Court takes the

4

collateral challenges. As to ground one, Addison suggests that his trial counsel was ineffective for failing to argue against a firearms enhancement. As to ground two, Addison suggests that counsel was ineffective for failing to advise Addison as to a possible appeal of the sentencing enhancement.[2] Even if the Court looks beyond Addison's waiver of most collateral challenges, neither argument succeeds.

**A.**

First, the Court considers Addison's argument that counsel was ineffective for failing to challenge the firearms enhancement. Having reviewed the sentencing transcript and the objections to the presentence report, the Court struggles to understand what exactly Addison's objection to counsel's performance is. Addison's counsel filed timely written objections to the enhancement, *see* R. Doc. No. 651, at 40-41, and argued the issue extensively at the sentencing hearing (including the calling of witnesses on the point), *see* R. Doc. No. 827, at 51-54 (counsel arguing firearms enhancement in light of testimony and evidence). Moreover, the record makes

---

efficient route to resolving this dispute and assumes without deciding that Addison is entitled to equitable tolling.

[2] In his motion, petitioner states that he was not "informed by counsel as to this appeal," R. Doc. No. 821, at 4, and that he was "not made aware of this appeal," R. Doc. No. 821, at 5. Nonetheless, in asserting his second ground of error in the motion, Addison frames the error as one relating to an inappropriate enhancement, and not necessarily one of ineffective assistance of counsel. *See* R. Doc. No. 821, at 5. As such, Addison's second ground is ambiguous as to whether he is challenging the sentencing enhancement itself or counsel's supposed ineffectiveness in failing to advise Addison as to a possible appeal of the sentencing enhancement. *See* R. Doc. No. 821, at 5. Because pro se briefs are liberally construed, the Court will treat Addison's challenge as a Sixth Amendment ineffectiveness challenge because otherwise the challenge—beyond being meritless and waived—is not cognizable on a 28 U.S.C. § 2255 motion. *See, e.g., Williamson*, 183 F.3d at 462 (Section 2255 motions not for collateral challenges based on (mis)applications of the sentencing guidelines).

absolutely clear that the Court was aware of the precise argument that Addison now seeks to raise again—the supposed lack of evidence that Addison possessed a firearm, R. Doc. No. 827, at 12 ("Mr. Addison[] [has] objected that he was not charged in the firearms conspiracy, that the record is devoid of evidence, that he personally possessed the firearm and devoid of evidence, which would make it reasonably foreseeable to Addison that guns would be possessed by codefendants in furtherance of his part of the conspiracy . . . ."). So the Court does not understand what exactly Addison thinks that counsel should have done differently.

Given that counsel in fact competently raised the points that Addison now argues counsel should have raised, counsel's performance was objectively reasonable under *Strickland*. Accordingly, the Court rejects Addison's argument that counsel was constitutionally ineffective at the sentencing hearing. Addison received the sentencing enhancement because of his criminal conduct, *see* R. Doc. No. 827, at 55-56 (court's opinion justifying the enhancement); R. Doc. No. 827, at 38-39 (testimony regarding possession of guns by members of the conspiracy), not because of any ineffectiveness by his counsel.

**B.**

Next, the Court turns to Addison's argument that counsel was ineffective for not advising him as to a potential appeal of the firearm sentencing enhancement. "[A] defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently."

*Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983)).

At the sentencing hearing, Addison indicated that he was aware of his right to appeal:

> [The Court:] You have the right to appeal your conviction, as well as your sentence. If you cannot afford the costs of an appeal, those costs will be paid by the United States. That includes the filing fee, the cost of the transcript, and an attorney to represent you on appeal. Do you understand your right to an appeal?
> THE DEFENDANT: Yes, sir.

R. Doc. No. 827, at 76.

With knowledge of that right, Addison indicated that he did not want to file a notice of appeal:

> THE COURT: Do you wish Mr. Strasser to file a notice of appeal on your behalf?
> THE DEFENDANT: No, sir.

R. Doc. No. 827, at 76. Given Addison's indication that he did not want to appeal, Addison cannot now complain that counsel should have filed an appeal when Addison said that he did not want to pursue an appeal.[3]

## IV.

Accordingly,

**IT IS ORDERED** that the petition is **DISMISSED WITH PREJUDICE.**

---

[3] Further, Addison "has not even alleged that he requested an appeal after entering his guilty plea, and he has not pointed to any evidence that he would have actually appealed, but for his counsel's [supposed] failure to consult with him regarding an appeal." *United States v. Calderon*, 665 F. App'x 356, 366 (5th Cir. 2016). Therefore, he "has not shown prejudice under *Strickland*." *Id.*

7

New Orleans, Louisiana, July 11, 2017.

                                      **LANCE M. AFRICK**
                              **UNITED STATES DISTRICT JUDGE**