UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 14-168 |
| ANDRE ADDISON | SECTION I |

ORDER & REASONS

Before the Court is defendant Andre Addison's ("Addison") motion[1] for a sentence reduction pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Because Addison has not demonstrated that he has satisfied the statutory exhaustion requirement, the motion is dismissed without prejudice.

I.

On November 10, 2015, Addison pled guilty to count one of a second superseding bill of information, which charged him with conspiracy to distribute and possess with the intent to distribute 28 grams or more of a mixture of substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846.[2] This Court sentenced Addison on March 10, 2016 to a term of imprisonment of 87 months, to run concurrently to his term of imprisonment under United States District Court, Eastern District of Louisiana, Docket No. 13cr137.[3]

---

[1] R. Doc. No. 890.
[2] R. Doc. Nos. 435 & 480.
[3] R. Doc. No. 663, at 2. Addison pled guilty to count one of a second superseding bill of information in Docket No. 13cr137, which charged him with possessing with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Docket No. 13cr137, R. Doc. Nos. 395 & 635. Addison was sentenced to a term of imprisonment of 60 months. Docket No. 13cr137, R. Doc. No. 635, at 2.

1

This Court also imposed a four-year term of supervised release.[4] Addison is currently incarcerated at Forrest City Low FCI, and his projected release date is October 4, 2020.[5]

Addison asks the Court to grant him a reduction in sentence due to the COVID-19 pandemic.[6] He contends that his family history of diabetes as well as his race, African-American, increase his risk of severe illness if he contracts COVID-19.[7] Addison does not assert, however, that he has submitted a request for compassionate release to the warden of Forrest City Low FCI or otherwise exhausted his administrative remedies with the Bureau of Prisons ("BOP").

The government opposes Addison's motion on the grounds that he has not exhausted his administrative remedies and that, even if he had, he does not present extraordinary and compelling reasons for compassionate release.[8]

## II.

In pertinent part, section 3582(c)(1)(A) of the First Step Act provides that a court may not modify a term of imprisonment unless a motion is made after the defendant has exhausted his administrative remedies and the court, after considering the factors set forth in 18 U.S.C. § 3553(a), finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The reduction must

---

[4] R. Doc. No. 663, at 3.
[5] *See* https://www.bop.gov/inmateloc/ (last visited August 9, 2020).
[6] R. Doc. No. 890, at 1.
[7] *Id.* at 1–2.
[8] R. Doc. No. 892, at 9–13.

also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Section 3582 allows a court to consider a defendant's motion for modification of a term of imprisonment only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

"The requirement that an inmate first exhaust his administrative remedies within the BOP is jurisdictional." *United States v. Gentry*, No. 03-50033, 2020 WL 2131001, at *2 (W.D. La. May 5, 2020) (citing *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010)); *see United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (characterizing the defendant's failure to exhaust administrative remedies as "a glaring roadblock foreclosing compassionate release at this point"). Even in the context of the COVID-19 pandemic, a defendant must first satisfy the exhaustion criteria of 18 U.S.C. § 3582(c)(1)(A) in order for the Court to have jurisdiction over a motion for a compassionate release sentence reduction. *See United States v. Alam*, No. 20-1298, 2020 WL 2845694, at *3 (6th Cir. June 2, 2020) (explaining that a court "may not grant relief" if the defendant has not complied with the exhaustion requirement, which operates as an "'unyielding procedural requirement[]'") (quoting *United States v. Dowl*, 956 F.3d 904, 908 (6th Cir. 2020)); *United States v. Ogarro*, No. 18-373, 2020 WL 1876300, at *3 (S.D.N.Y. Apr. 14, 2020) ("[S]ection 3582(c)'s

exhaustion proscription . . . mandates that where the BOP has not submitted an application for a sentence reduction, a court cannot, under any circumstances, grant compassionate release unless the defendant has either 'fully exhausted all administrative rights to appeal' or waited at least 30 days from the receipt of such a request by the warden of the defendant's facility."). "This conclusion is supported by a number of cases in which courts have addressed motions for compassionate release under the [First Step Act] due to COVID-19 and found they do not have the authority to address those motions when the defendants have not first satisfied the exhaustion requirements[.]" *United States v. Guyton*, No. 11-271, 2020 WL 2128579, at *2 (E.D. La. May 5, 2020) (Milazzo, J.) (internal citation omitted) (collecting cases).

The defendant bears the burden of demonstrating that he is entitled to compassionate release and that he has exhausted his administrative remedies. *United States v. Evans*, No. 16-20144, 2020 WL 2549964, at *2 (W.D. Tenn. May 19, 2020); *United States v. Van Sickle*, No. 18-0250, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020); *see United States v. Roberts*, No. 15-135, 2020 WL 2130999, at *3 (W.D. La. May 5, 2020); *United States v. Ebbers*, No. 02-1144, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020).

### III.

Addison has not made a showing that he has "fully exhausted all administrative rights to appeal" or that 30 days have lapsed since the receipt of a request for compassionate release by the warden of his facility. *See* 18 U.S.C. § 3582(c)(1)(A). The government asserts that he has not submitted such a request, and

it attaches to its response a copy of communications with a BOP attorney confirming the same.[9] Because Addison has not satisfied his burden of proof with respect to the statutory exhaustion requirement, Addison's motion for compassionate release is not properly before the Court.

## IV.

Accordingly,

**IT IS ORDERED** that Addison's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

New Orleans, Louisiana, August 11, 2020.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[9] R. Doc. No. 892, at 9–10; R. Doc. No. 892-1.